**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 04 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEVIN PERRY, a single individual; CATHERINE RENEE HOLGUIN, a single individual; NANCY A. SMITH, a single individual; FARMERS INSURANCE COMPANY OF ARIZONA, an Arizona Corporation,

Plaintiffs-Appellants,

v.

PEAK PROPERTY AND CASUALTY INSURANCE CORPORATION, a Wisconsin corporation; UNKNOWN PARTIES, named as ABC Business Entities I-X and Does I-X,

Defendants-Appellees.

No.   17-15012

D.C. No. 4:16-cv-00555-DCB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted August 14, 2018
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  SCHROEDER, SILER,** and MURGUIA, Circuit Judges.

Plaintiff Renee Holguin caused a five-car accident in Phoenix, Arizona in January 2013.  She and her husband at the time, Kevin Perry (collectively, the "Holguin-Perrys"), contacted defendant Peak Insurance, but the company refused coverage, citing a policy cancellation notice it mailed the Holguin-Perrys on January 19, 2013–three days before the accident.

The Holguin-Perrys and other injured parties sued Peak Insurance in federal court, seeking a declaratory judgment that the insurance policy was in effect on the date of the accident, and alleging claims for breach of contract and bad faith.  The district court granted Peak Insurance's motion for judgment on the pleadings, ruling that the policy was cancelled on January 19, 2013.  Plaintiffs appeal.  For the reasons explained below, we reverse.

Under Arizona law, an insurer's notice of policy cancellation must "clearly and unequivocally" inform the insured in no uncertain terms of the company's intent to cancel.  *Norman v. State Farm Mut. Auto. Ins. Co*., 33 P.3d 530, 535 (Ariz. Ct. App. 2001).  This express intent "[must] be apparent to the ordinary person."  *Id*. at 536 (original brackets) (quoting *Elkins v. State Farm Mutual Auto.*

---

** The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

*Ins. Co.*, 475 S.E.2d 504, 506 (W. Va. 1996)). Whether a cancellation notice meets *Norman*'s standard is a context-specific inquiry: courts focus on the "language and the circumstances in which [the notice was] issued to determine whether any disqualifying ambiguity has been created." *Id*. at 537.

Here, Peak Insurance's intent to cancel the policy was not clear and unequivocal. The cancellation notice, written on January 18, declared that the Holguin-Perrys were "driving without insurance," but also stated that coverage was conditional. A $286.37 payment had to be received by January 19. The date that Peak Insurance mailed the notice further confused the issue since according to the cancellation notice, it was mailed on January 19, making it impossible for the Holguin-Perrys to accept the apparent invitation to pay the minimum balance by January 19. The notice itself was therefore facially ambiguous.

Interpreting this notification as soliciting payment upon receiving the cancellation notice, the Holguin-Perrys phoned Peak Insurance on January 23, 2013, when they received that notice, and immediately paid $294.37. This amount was $8.00 more than the minimum required payment. Neither party explains what the additional $8.00 represented. Because Peak Insurance's earlier installment notice had warned that late payments "may incur an additional fee," the Holguin-

Perrys may have assumed the additional $8.00 was a late fee. Peak Insurance accepted this late payment.

Peak Insurance's conduct could have led an "ordinary person" in the Holguin-Perrys' shoes to believe that Peak Insurance did not cancel the policy and that there was no lapse in coverage. *See id*. at 536 ("inclusion of a reference to an amount due would lead an ordinary person to believe that payment of that sum would keep the policy in force and avoid cancellation.") (citing *Elkins*, 475 S.E.2d at 507). For these reasons, we conclude that under Arizona law, neither Peak Insurance's cancellation notice, nor any subsequent conduct, "clearly and unequivocally" advised the Holguin-Perrys that a payment on January 23, 2013, would not preserve coverage. *See id*. at 535. The district court erred when it concluded otherwise.

Defendants' pending motion to strike a portion of the reply brief is Denied.

The judgment in favor of defendants is **REVERSED** and the case is **REMANDED** for further proceedings.

4